## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

O

### CIVIL MINUTES - GENERAL          JS-6

| Case No. | CV 12-1967-CAS (DTBx) | Date | December 17, 2012 |
|---|---|---|---|
| Title | TERESA ANAYA V. QUICKTRIM, LLC | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Brian Kabateck | Ashley Posner |
| Lina Melidonian | |

Attorneys for Movants:
Lawrence Fisher

**Proceedings:**     **PLAINTIFF'S MOTION TO REMAND** (filed November 20, 2012)

**NONPARTY'S MOTION TO TRANSFER** (filed November 19, 2012)

## I.    INTRODUCTION & BACKGROUND

On March 7, 2012, plaintiff Teresa Anaya commenced this action in the San Bernardino County Superior Court against defendant QuickTrim LLC, a Florida limited liability company.  Dkt. No. 1 ("Anaya action").  Anaya is represented by Kabateck Brown Kellber LLP.  Plaintiff filed an amended complaint on May 3, 2012.  Notice of Removal ("Notice") Ex. B.  After engaging in settlement negotiations with defendant, plaintiff filed an unopposed motion for preliminary approval before Judge Michael A. Sachs on October 9, 2012.  Notice Ex. D.  Plaintiff seeks to represent a nationwide class of all persons who purchased the QuickTrim Weight Loss System or any of its components.  The Superior Court set a joint Case Management Conference for October 23, 2012, and plaintiff submitted a Case Management Statement informing the Superior Court of the pending Cowan action, discussed below.

On March 1, 2012, plaintiffs Andeia Cowan, Luis Shepherd, Holly Viola, and Alexsandra Cerda filed suit in the United States District Court for the Southern District of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA          ○

**CIVIL MINUTES - GENERAL**          JS-6

| Case No. | CV 12-1967-CAS (DTBx) | Date | December 17, 2012 |
|----------|-----------------------|------|-------------------|
| Title | TERESA ANAYA V. QUICKTRIM, LLC | | |

New York, seeking to represent a class comprised of all persons in the United States who purchased the QuickTrim Weight Loss System or any of its components ("Cowan action"). The New York plaintiffs are represented by Bursor & Fisher, P.A. The Cowan complaint named Windmill Health Products, LLC, QuickTrim LLC, Kimberly Kardashian, Khloe Kardashian-Odom, Kourtney Kardashian, Christopher Tisi, CVS Pharmacy, Inc., Walmart Corp., GNC Corp., Amazon.com, Inc., and Drugstore.com as defendants. On May 4, 2012, Cowan and eight other plaintiffs filed an amended complaint. After engaging in pretrial negotiations with defendants, Cowan stipulated to dismiss the claims against the retail defendants on July 2, 2012, with the exception of GNC. On October 10, 2012, New York plaintiffs' counsel claims that they first became aware of the existence of the Anaya action.

The parties' paths first collided on October 22, 2012, when Sandra Monsalve, Debbie Vongphachanh, and Andeia Cowan ("Monsalve et al."), purchasers of QuickTrim and members of the *proposed* class in both the Anaya and Cowan actions, appeared in state court to oppose the motion for preliminary approval, represented by Bursor & Fisher. Notice Ex. E. Monsalve et al. filed a request for a status conference and two expert declarations in conjunction with their appearance. Id. Exs. F, G. The next day, the Judge Sachs held the scheduled joint Case Management Conference, at which counsel for Anaya, defendant QuickTrim, and for Monsalve et al. made appearances. Id. Ex. L at 1. Judge Sachs indicated at the hearing that he thought that the proposed "settlement itself appears to be fair [and t]he attorneys fees appear to be fair," but did not grant preliminary approval in light of potential notice issues.[1] Melidonian Decl. Ex. 3, 17:7–10. He set a further briefing schedule and a December 5th hearing date.

Two weeks later, counsel for Monsalve et al. moved to disqualify Judge Sachs from any future involvement in the Anaya action on November 4, 2012, pursuant to Cal. Code of Civil P. § 170.6. Melidonian Decl. Ex. 4. In a sworn declaration, counsel's sole contention was that Judge Sachs "is prejudiced against the interest of Ms. Monsalve and her counsel such that she believes she cannot have a fair and impartial trial or hearing before this judge." Id. The Superior Court apparently granted the motion.

---

[1] Judge Sachs referred to Monsalve et al. as the "new set of potential plaintiffs." Decl. Ex. 3, 20:2–3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**    JS-6

| Case No. | CV 12-1967-CAS (DTBx) | Date | December 17, 2012 |
|---|---|---|---|
| Title | TERESA ANAYA V. QUICKTRIM, LLC | | |

On November 9, 2012, nonparties Monsalve et al. filed a Notice of Removal with this Court. Dkt. No. 1. Monsalve et al. filed a motion to transfer to the United States District Court for the Southern District of New York on November 19, 2012. Dkt. No. 6. Plaintiff Anaya filed a motion to remand on November 20, 2012. Dkt. No. 7. Anaya filed an opposition to Monsalve et al.'s motion on November 27, 2012, and Monsalve et al. filed their opposition on December 3, 2012. Monsalve et al. and Anaya filed replies on December 3, 2012, and December 7, 2012, respectively. After considering the parties' arguments, the Court finds and concludes as follows.

## II.    LEGAL STANDARD

### A.    Motion to Remand

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). The defendant also has the burden of showing that it has complied with the procedural requirements for removal. Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:609 (The Rutter Group 2012).

Under 28 U.S.C. § 1446(b), the defendant must file the notice of removal within 30 days after being served with a complaint alleging a basis for removal. When there are multiple defendants, all defendants named in the complaint and who have been properly joined and served in the action must also join in the removal. Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986). This is known as the rule of unanimity. See Chicago, Rock Island & Pac. Ry. v. Martin, 178 U.S. 245 (1900); see also Schwarzer, supra, § 2:905.2.

If the defendant's removal notice fails to meet the procedural requirements of § 1446(b), the court may remand the action based on the plaintiff's timely motion. McAnally Enters., Inc. v. McAnally, 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000). Pursuant to 28 U.S.C. § 1447(c), a motion to remand based on any defect other than

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**                    **JS-6**

| Case No. | CV 12-1967-CAS (DTBx) | Date | December 17, 2012 |
|---|---|---|---|
| Title | TERESA ANAYA V. QUICKTRIM, LLC | | |

subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.

## III.   ANALYSIS

It is axiomatic that only a defendant may remove an action from state to federal court.  See 28 U.S.C. § 1441(a) ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant* or the *defendants*") (emphasis added); 28 U.S.C. § 1446(a) ("defendant or defendants desiring to remove any civil action. . . shall file in the district court. . . a notice of removal. . ."); see also Geiger v. Arctco Enterprises, Inc., 910 F. Supp. 130, 131 (S.D.N.Y. 1996) ("It is clear beyond peradventure of a doubt that the right of removal is vested exclusively in defendants.").[2]  Federal law determines whom is a defendant for purposes of removal.  Chicago, Rock Island & Pac. RR Co. v. Stude, 346 U.S. 574, 579–80 (1954).

Despite this clear mandate, nonparties Monsalve et al. purport to remove this action from state court, claiming to be the "functional defendant" in this action.  Notice at 3.  Relying on Mason City & Fort Dodge Railroad Co. v. Boynton, 204 U.S. 570 (1907), Monsalve et al. argue that under the Mason City "functional test," a court considers what the "mainspring" of the proceedings are to determine who is the defendant and who is the plaintiff—the focus is on which party is seeking to obtain relief from the other. Monsalve et al. also rely on such cases as O'Neil Bros v. Crowley, 24 F. Supp. 705, 707–08 (W.D.S.C. 1938), for the proposition that a court must "look to the actual position of the parties rather than their titular designation in the caption."  Monsalve et al. contend that they are the functional defendants in this action because the Anaya complaint names only one defendant, QuickTrim, a Florida limited liability company that was dissolved on December 27, 2011.  Opp'n to Remand at 5.  Because Anaya named only a dissolved entity as a defendant, they argue that the only relief that Anaya actually seeks in her action is against them, the New York plaintiffs, in the form of an injunction precluding them from continuing to litigate the Cowan action.  Id. at 5; Notice at 4. Moreover, Monsalve et al. claim that they were the ones "hauled into [Superior C]ourt

_____

[2] In addition, a class action is removable under 28 U.S.C. § 1453 "in accordance with section 1446. . . ."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

| **CIVIL MINUTES - GENERAL** | | JS-6 |
|---|---|---|
| Case No. | CV 12-1967-CAS (DTBx) | Date | December 17, 2012 |
| Title | TERESA ANAYA V. QUICKTRIM, LLC | | |

involuntarily" in California, and therefore like typical "defendants," they had no role in the choice of forum.  For these reasons, Monsalve et al. argue that they properly removed this action as a "functional defendant."

The Court finds Monsalve et al.'s contentions to be without merit.  They identify no authority that would permit a nonparty putative class member to remove a state court action to federal court.  The case law is uniformly to the contrary.  See, e.g. Am. Home Assur. Co. v. RJR Nabisco Holdings Corp., 70 F. Supp. 2d 296, 298-99 (S.D.N.Y. 1999) ("a non-party—even one that, like Nabisco, claims to be a real party in interest—has no authority to notice removal under the statutes here utilized, 28 U.S.C. § 1441 and § 1446(a), which speak only of removal 'by the defendant or defendants.'"); Hous. Auth. of City of Atlanta, Ga. v. Millwood, 472 F.2d 268, 272 (5th Cir. 1973) (holding that status as a party to the state court action is a "precondition for the district court to have removal jurisdiction"); Juliano v. Citigroup, N.A., 626 F. Supp. 2d 317, 319 (E.D.N.Y. 2009) (citations omitted) ("In short, a non-party lacks standing to invoke a district court's removal jurisdiction under 28 U.S.C. §§ 1441 and 1446."); Gross v. Deberardinis, 722 F. Supp. 2d 532, 534 (D. Del. 2010) ("Even assuming [a nonparty] is the real-party-in-interest, the Court concludes that it is not a 'defendant' within the meaning of § 1441(a), and therefore, is not entitled to remove this action."); Sheppard v. Sheppard, 481 F. Supp. 2d 345 (D.N.J. 2007) ("[t]o interpret 'defendant' to include non-parties would produce an absurd result and would contravene more than 65 years of jurisprudence that has only allowed removal by 'defendants' to claims asserted by a plaintiff.").  For this reason alone remand is proper, because Monsalve and her cohorts clearly lack standing to remove this action from Superior Court.

Even if the Court were to overlook their lack of standing to remove this action, Monsalve et al.'s functional defendant argument is unpersuasive.  At most, Mason City stands for the proposition that in limited circumstances, state civil procedure that aligns the parties to a suit in atypical fashion may be trumped by federal law.  There, the Supreme Court re-characterized the parties to a state court condemnation proceeding in accordance with federal procedure, allowing the true defendant (under federal law) to remove.  Unlike Mason City, Monsalve et al. are not parties to the Anaya action.  As such, there is no "re-characterization" for this Court to engage in, in addition to there being no state law giving rise to a misalignment of parties.  See also Oppenheimer & Co. v. Neidhardt, 56 F.3d 352, 356 (2d Cir. 1995) (permitting removal only by parties to the suit).  At oral argument, counsel for Monsalve et al. pressed the notion that putative class

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**                     JS-6

| Case No. | CV 12-1967-CAS (DTBx) | Date | December 17, 2012 |
|----------|------------------------|------|-------------------|
| Title    | TERESA ANAYA V. QUICKTRIM, LLC | | |

members are sometimes deemed parties under limited circumstances.  However, counsel cites to no authority supporting the proposition that putative class members should be considered "parties" to the action for purposes of removal jurisdiction, as none appears to exist.  Moreover, even were the Court to entertain this suggestion, counsel's argument that his clients are the only true "defendants" entitled to remove this action is without merit.  Anaya seeks more than an injunction precluding Monsalve et al. from prosecuting the Cowan action; instead, she seeks to obtain approval of a proposed settlement with defendant that provides monetary benefits to potential class members, including the potential for a cash refund of fifty percent of the purchase price of QuickTrim's products.  Because Monsalve et al. are not the only parties from whom Anaya seeks relief, their novel "functional defendant" theory is unpersuasive.  For all of the reasons stated herein, the Court finds that nonparty Monsalve et al.'s purported removal of this action lacks any basis in fact or law.

**IV.    CONCLUSION**

In accordance with the foregoing, the Court GRANTS Anaya's motion to remand this case to the San Bernardino County Superior Court.  The Court DENIES nonparties Monsalve et al.'s motion to transfer as moot.

IT IS SO ORDERED.

| | 00 | : | 06 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |