UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | CV 12-1967-CAS (DTBx) | Date | January 2, 2013 |
|---|---|---|---|
| Title | TERESA ANAYA V. QUICKTRIM, LLC | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not present | Not present |

**Proceedings:** (In Chambers:) DEFENDANT'S MOTION FOR COSTS (filed December 11, 2012)

On March 7, 2012, plaintiff Teresa Anaya commenced this action in the San Bernardino County Superior Court against defendant QuickTrim LLC, a Florida limited liability company. Dkt. No. 1 ("Anaya action"). On November 9, 2012, nonparties Sandra Monsalve, Debbie Vongphachanh, and Andeia Cowan ("Monsalve et al.") filed a Notice of Removal with this Court. Dkt. No. 1. On December 17, 2012, the Court granted plaintiff Anaya's motion to remand this action to the San Bernardino County Superior Court. Dkt. No. 21. The Court found that absent class members Monsalve et al. could not remove this action to federal court, as they are not properly considered to be "defendants" for purposes of removal under 28 U.S.C. § 1441(a). Id.

On December 11, 2012, defendant QuickTrim LLC filed a motion for costs and expenses against Monsalve et al. related to their removal of this action to federal court. Dkt. No. 17. Monsalve et al. opposed the motion on December 17, 2012, and defendant filed a reply on December 19, 2012. After considering the parties' arguments, the Court finds and concludes as follows.

28 U.S.C. § 1447(c) provides that an order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Generally, "courts *may* award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) (emphasis added); see also Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008). The decision of whether to award costs and expenses for an improper removal, however, lies

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | CV 12-1967-CAS (DTBx) | Date | January 2, 2013 |
|---|---|---|---|
| Title | TERESA ANAYA V. QUICKTRIM, LLC | | |

within the sound discretion of the district court.  See Gardner v. UICI, 508 F.3d 559, 561 (9th Cir. 2007).

     The Court concludes that an award of fees and costs is unwarranted.  Monsalve et al. presented this Court with an unusual case of absent class members attempting to remove an action to federal court, on the grounds that they were the "true defendants" to the state court action.  While the Court found this contention unavailing, defendant QuickTrim LLC now presents the Court with an equally unusual motion for fees and costs pertaining to a removal that QuickTrim itself *never opposed*.  The only party that moved for a remand to state court and filed briefing in support of this motion was Anaya, who was also the only party to oppose Monsalve et al.'s motion to transfer venue.  Dkt. No. 7, 11.[1]  Only after Anaya filed her motion did defendant QuickTrim interpose itself in the action with a demand for fees and costs in the seemingly excessive amount of $22,750.  Without having participated in the federal court action in any meaningful way, the Court finds that defendant's motion should be denied.  The dispute in federal court was, in effect, one between two competing class representatives and their counsel.

     In accordance with the foregoing, the Court hereby DENIES defendant QuickTrim's motion for fees and costs.

     IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

[1] Anaya also filed a successful ex parte application to advance the hearing date of her motion to remand.  Dkt. No. 8.